IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISIAH STEVENSON, and ) | |
| MICHAEL COKES, ) | |
|     *Plaintiffs*, ) | |
| ) | No. 17-cv-4839 |
| v. ) | Judge Thomas M. Durkin |
| ) | Magistrate Judge Susan E. Cox |
| CITY OF CHICAGO, Illinois, a municipal ) | |
| corporation, and Chicago Police Officer ) | |
| DEAN W. EWING, Star #8653, ) | |
| individually, ) | |
|     *Defendants*. ) | |

**DEFENDANTS' MOTIONS *IN LIMINE***

Defendant DEAN EWING, by and through his attorneys Hale & Monico, LLC, and Defendant City of Chicago, by and through its attorney, Celia Meza, Corporation Counsel for the City of Chicahgo, submit the following motions *in limine*:

Defendant Dean Ewing, by and through his attorneys Hale & Monico, LLC, and Defendant City of Chicago, by and through its attorney, Celia Meza, Corporation Counsel for the City of Chicago, submit the following motions *in limine*:

**1.     To bar any evidence, argument, suggestion, or inuendo that the City can be liable for any actions other than those of Officer Ewing and to remove the City of Chicago as a named trial defendant.**

The City of Chicago should be removed as a named trial defendant and Plaintiffs should be barred from putting forth any evidence, argument, or suggestion that liability can be found anywhere other than based on Defendant Ewing's actions in the underlying incident. All claims at issue in this trial are based solely on the actions of Officer Ewing and not on the actions of any City employee other than Ewing or any policy or practice of the City of Chicago. *See* Docket Nos. 124, 178, 290 at p. 20). Indeed, there are no free-standing claims against the City since the *Monell* claims have been

1

bifurcated (Docket No. 124) and Plaintiffs withdrew any willful and wanton claims against any City employee other than Officer Ewing (Docket No. 290, p. 20).[1] Including the City as a named trial defendant and allowing evidence and argument that any training or policies of the City are faulty would accordingly result in the presentation of irrelevant material, confusion of the issues, misleading the jury, and undue prejudice against Defendants. FED. R. EVID. 401, 402, 403. Therefore, the City of Chicago should be removed as a trial defendant and the following areas of evidence and argument should be barred:

- Policies related to communication between the City's Office of Emergency Management and Communications and the Illinois State Police Emergency Radio Network or other outside communication systems, including but not limited to any evidence or testimony that Defendant Ewing or other police officers had no training on outside agency communication systems or that they should have had such training;
- Any argument that Defendant City of Chicago can be liable based on the actions of any employee other than Defendant Ewing;
- any argument that the City of Chicago improperly hires, disciplines, investigates, or trains or retrains its employees or has improper policies or procedures regarding same.

**2.      Bar reference to other publicized events concerning allegations of police misconduct or police-involved traffic accidents.**

Defendants believe that Plaintiff may attempt to mention, discuss or refer to other events regarding police misconduct, such as, but not limited to, highly publicized incidents involving Chicago Police Officers such as Jason Van Dyke or Lowell Houser. The issue at trial is the reasonableness of Defendant Ewing's actions, not those of unrelated police officers. To that end, this evidence would be irrelevant and that it would cause a substantial amount of unfair prejudice

---

[1] To the extent Plaintiffs Stevenson and Cokes have not explicitly withdrawn paragraphs (f) and (g) of their Fourth Amended Complaint, these are still allegations against other City employees and would run afoul of the explicit withdrawal of such claims which is noted in this Court's ruling on summary judgment. Docket Nos. 290 at p. 20 and 336 at p. 26. Moreover, no discovery on such allegations was done since the *Monell* claim was bifurcated so there is no evidence in the record to support such a claim in this trial. What is more, proceeding on such a theory is duplicative. *See Gibson v. City of Chicago*, 13 C 03273, 2013 WL 6698164, at *3 (N.D. Ill. Dec. 17, 2013)(citing *Gant v. L.U. Transp., Inc.*, 331 Ill. App. 3d 924, 928 (1st Dist. 2002)).

is a near certainty. As such, this type of evidence is inadmissible. Fed.R.Evid. 403; *see also, e.g. Gonzales v. Olson*, No. 11 CV 8356, 97 Fed.R.Evid.Serv. 1080, 2015 WL 3671641, at *13 (N.D.Ill. June 12, 2015) (Gilber, M.J.) (granting motion to bar unrelated police misconduct).

**3. Bar any testimony, evidence, argument, or innuendo that any non-defendant police officer engaged in misconduct.**

Defendants move for an order in *limine* barring any testimony, evidence, argument, or innuendo that any non-Defendant police officer, non-Defendant Chicago Police Department personnel, or any other City of Chicago employee engaged in any misconduct or caused any injury to Plaintiff in any manner. One of the binding principles of § 1983 litigation is that a defendant can only be liable for their own conduct – not that of others. *Jenkins v. Keating*, 147 F.3d 577, 583. (7th Cir. 1998). Likewise, Defendant Ewing can only be liable for state tort claims for his own alleged actions or omissions. 745 ILCS 10/2-204.[2] This motion seeks to bar any argument that the conduct or omissions of Officers Ortiz, Barango or Caulfield could give rise to liability.

**4. Bar any reference to the fact that Chicago police officers are "on duty" and are being paid to prepare for trial and appear in court to testify.**

"[E]vidence that police personnel are being paid their normal wage to appear in court is outweighed by the potential prejudice of that argument" under Rule 403. *Martinez v. City of Chicago*, No. 14 CV 369 2016 WL 3538823, at *15 (June 29, 2016) (Dow, J.). Likewise, evidence relating to Defendant Ewing or other City employees meeting with City attorneys runs the risk of confusing the issues and leading a jury to conclude that such meetings are improper – which is not true. *See* Seventh Circuit civil patter instruction 1.16.

---

[2] Plaintiffs conceded they are not seeking to hold Ewing responsible for any other person's acts. *See Dkt.* 255 at 36.

**5.     Bar Plaintiff's counsel from requesting Defendants or their attorneys to produce any information or documents in the presence of the jury and from implying that Defendants have not complied with any discovery request.**

Whether any party has or has not complied with all discovery requests is not relevant to any issue the jury is to determine and attacking another party over an alleged discovery dispute is irrelevant and unfairly prejudicial. Fed.R.Evid. 401, 402, 403.

**6.     Bar reference to dismissed parties or claims as not relevant. Fed.R.Evid. 401, 402.**

**7.     Bar any reference or mention of the disclaimer police officers provide during their statements to IPRA/COPA.**

Defendants move this Court to bar any reference to the Fraternal Order of Police ("FOP") Disclaimer given by Defendant Ewing and/or other Chicago Police Officers in their responses and interviews during the investigation by the Civilian Office of Police Accountability ("COPA") of this matter. These officers are instructed by their union – Lodge No. 7 of the Fraternal Order of Police – to provide this disclaimer as each officer is being compelled to give the statement and it is not relevant and any probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; *Robinson v. City of Chicago,* 11 CV 4528, 2013 WL 3716651 *1 (ND Ill. July 15, 2013).

**8.     Bar any undisclosed witnesses.** *Martinez*, 2016 WL 3538823, *23.

**9.     Bar any argument that the jurors are the "guardians of the community" or otherwise that they are tasked with protecting the public.**

A juror's role is to make their determination based on the evidence presented to them during a trial. Any argument that a jury should decide the case based on their self-interest or the interest of the community at large would violate the "golden rule" about putting themselves in the position of the party. Such an argument is wholly improper and should be barred. *See, e.g. Below*

4

*by Below v. Yokohama Tire Corporation*, No. 15 cv 529, 2017 WL 764824, at *8 (Feb. 27, 2017) (Conley, J.).

**10.     Bar testimony, evidence, or argument of a generalized police "code of silence."**

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers. Generalized evidence of a "code of silence" or "blue wall" is not helpful, to the jury, would confuse the jury, and the risk of unfair prejudice substantially outweighs any probative value. *Jones v. City of Chicago*, No. 14 CV 4023, 2017 WL 413613, *3 (Jan. 31, 2017) (St. Eve, J.); Fed.R.Civ.P. 401, 403.

**11.     Bar any evidence that Defendant Ewing violated Chicago Police Department General Orders, Rules, or Regulations.**

Defendants move to bar any argument regarding the existence of or standards set forth by any Chicago Police Department general or special order, rule, policy, or any other guideline. Violations of state statutes, local ordinances, or administrative or department regulations do not give rise to an action under section 1983, unless the rights are guaranteed under the United States Constitution. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984); *Thompson v City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006); *Hill v. City of Chicago*, No. 06 CV 6772, 2011 WL 3205304 (N.D.Ill. July 28, 2011) (St. Eve, J.). As such, any evidence the officers violated any internal standards is irrelevant and, therefore, inadmissible to prove a § 1983 claim.

Nor is any violation admissible to support any state law claims. While *Thompson* assumed the relevance of the general orders to state law claims, the Court ultimately concluded that excluding all evidence of the orders under Rule 403 was not an abuse of discretion. 742 F.3d at 456-57. The Court explained that the evidence "would be of little relevance and a limiting instruction could not sufficiently cure the 'unnecessary and detrimental jury confusion' that would

5

arise from the introduction of any breach-of-department-protocol evidence." *Jones*, 2017 WL 413613, at *3 (quoting *Thompson*, 742 F.3d at 457). To that end, the Court should exclude any evidence, testimony, or argument that any officer violated any general orders, special orders, or rules and regulations of the Chicago Police Department.

Should the Court permit any evidence relating to general orders, Plaintiffs should be prohibited from arguing that any violation establishes willful and wanton conduct or negligence. "[C]ountermanding a police department general order does not constitute negligence or willful and wanton conduct per se." *Hudson v. City of Chicago*, 378 Ill. App. 3d 373 (1st Dist. 2007); *Wade v. City of Chicago*, 364 Ill. App.3d 773, 781 (1st Dist. 2006); *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 454 (1st Dist. 1999) ("violation of self-imposed rules or internal guidelines, such as General Order 81-8, does not normally impose a legal duty, let alone constitute evidence of negligence, or beyond that, willful and wanton conduct.").

Furthermore, since Plaintiff's theory of the case continues to be that Officer Ewing was not executing and enforcing the law, the general order pertaining to pursuits has no place in this trial, specifically GO03-03-01.

**12.   Bar evidence or mention or any civilian complaints, lawsuits, or disciplinary proceedings/actions against Defendant Ewing or other officers.**

Defendants seek to bar Plaintiff from offering any testimony, evidence, or argument regarding the prior disciplinary records of Defendant Ewing or other police department personnel involved in this incident. Defendants' motion should be granted because such prior disciplinary records are wholly irrelevant and highly prejudicial to the issue of Ewing's conduct in this case. Fed.R.Evid. 401, 403; *Patterson v. City of Chicago*, No. 15 CV 4139, 2017 WL 770991, *3 (Feb. 28, 2017 (St. Eve, J.) (similar motion granted); *see also Betts v. City of Chicago*, 784 F.Supp.2d 1020, 1031 (N.D.Ill. 2011) (other lawsuits, incidents, and disciplinary history inadmissible).

**13.     Bar any testimony or evidence regarding indemnification by the City of Chicago.**

Defendants move to bar any comment on indemnification by the City of Chicago. This evidence should be barred because (1) is it not relevant to the claims and (2) evidence of indemnification may cause juries to improperly inflate compensatory damages. *Jones*, 2017 WL 413613, at *4; *Hill*, 2011 WL 3205304, at *4; *see also Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998).

**14.     Bar any evidence or reference that IPRA/COPA investigated this incident and any conclusions as a result of that investigation.**

Plaintiff should be barred from mentioning the Civilian Office of Police Accountability's ("COPA") investigation of Defendant Ewing in this case, including making any reference to an "internal investigation" or similar term regarding the incident alleged in the complaint. COPA's investigation is not only a subsequent remedial measure – and inadmissible under Rule 407 –, but its introduction in this case would invade the province of the jury in a way that cannot be overstated.

This motion further seeks to bar any disciplinary recommendation by COPA for the same reasons. including any recommended discipline. Reference to any COPA investigation or its conclusion would unduly prejudice Defendants in numerous ways. This motion is simply the converse of the motion that plaintiffs routinely file to bar reference of a COPA investigation/conclusion when the conduct of the officer is deemed justified. *See Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 818 (N.D. Ill. 2010) (barring evidence that the Office of Professional Standards "OPS" investigated the incident involving Plaintiff); *Martinez*, 2016 WL 3538823, at *12 (excluding evidence of IPRA investigation and requiring reference to IPRA statements to omit that it was made during IPRA investigation); *Gonzalez*, 2015 WL 3671641, *17 (barring evidence relating to conclusion of IPRA investigation); *Bruce v. City of Chicago*, No. 09

7

CV 4837, 2011 WL 3471074, at *6 (July 29, 2011) (Dow, J) (barring evidence relating to IPRA investigation).

**15.    Bar any mention during jury selection of any specific amount of money as improper.**

**16.    Bar Plaintiff from calling any non-party City of Chicago employee as an adverse witness.**

Defendant Ewing is the only named individual defendant. Rule 611 only permits leading questions to be used against a "hostile witness, an adverse witness, or a witness identified with an adverse party." Fed.R.Evid. 611(c). Any factual basis for permitting leading questions needs to be established and Plaintiffs should not be permitted to use such a technique for all employees of the City of Chicago regardless of whether they are identified with Defendant Ewing.

**17.    Bar entry into evidence or publication to the jury any of the police accident reports as hearsay.**

Police reports are generally excluded as hearsay except to the extent they incorporate firsthand observations of officer. *See, e.g. Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013). Accordingly, proper foundation would need to be established prior to the introduction of any police report.

**18.    Bar the use of any statistics relating to police pursuits in general.**

**19.    Bar testimony and questioning about the risks and dangers of police pursuits in general.**

It is well-established that witnesses are not permitted to speculate about what might have occurred under different circumstances or in hypothetical scenarios. *E.g. Estate of DiPiazza v. City of Madison*, No, 16 CV 60, 2017 WL 1910055, at *3 (W.D.Wis. May 8, 2017) (Conley, J.) ("no witness will be permitted to testify based on unfounded speculation").

The issue before the jury is whether the accident between Defendant Ewing's patrol vehicle and the Gold Pontiac was due to Ewing's negligence, willful and wanton conduct, or was excessive force in violation of the Fourth Amendment. Whether vehicle pursuits *in general* are risky or dangerous is not relevant to this particular inquiry. Indeed, such evidence would confuse the issues about whether the Illinois State Police (not a party) should have pursued the Pontiac or not or whether the pursuit should have been discontinued. This risk of jury confusion substantially outweighs any probative value. Fed.R.Evid. 403. As such, any argument or evidence on this topic should be barred. This motion seeks to bar any suggestion or innuendo that Ewing could have hit a child or other pedestrian, that there was a park nearby, or anything of that nature.

**20. Bar any testimony from any Arrington's family members other than his direct heir regarding his or her relationship with the decedent.**

Bar testimony from family members other than Arrington's surviving children about his or her relationship with the decedent, including but not limited to that person's loss of society or grief. Any other damages testimony concerning Arrington's relationships should be limited to the relationship between him and his children as those are the only relationships for which pecuniary loss, loss of society, and grief are compensable under the Wrongful Death Act and at issue in the instant case.

**21. Bar use of or reference to other pursuits contained in pursuit training videos.**

Training materials and videos produced by the Defendant City of Chicago in this case makes reference to other pursuits and accidents involving circumstances that are not identical to the circumstances at issue in this case. Any reference to such incidents or playing video related to the victims of such incidents would be designed to elicit and emotional response and would be extremely prejudicial to Defendant Ewing in the instant case. Fed.R.Evid. 403.

**22. Admit Plaintiff Stevenson's and Plaintiff Cokes' convictions for Class A Theft relating to the robbery that precipitated the police pursuit by the Illinois State Police.**

Prior to the pursuit of Plaintiffs by the Illinois State Police, Jimmie Malone committed a robbery of Janice Farrell. He exited the front passenger seat of the Pontiac and took money from Ms. Farrell while Stevenson, Cokes, and Arrington waited in the vehicle. Following the accident that ended the pursuit, Plaintiffs Stevenson and Cokes were each criminally charged with robbery in that they knowingly took property from Janice Farrell. *See Bill of Indictment* (Attached as "Exhibit A"). On October 18, 2016, both Plaintiffs Stevenson and Cokes pleaded guilty to an offense of Class A misdemeanor Theft, with the underlying factual basis that each individual had "knowingly obtained unauthorized control over property of Janice Farrell" in the form of US currency. *Information and Plea of Guilty* (Exhibit "B"). During their depositions, both Plaintiffs have denied any participation in the robbery and disavowed any knowledge of Malone's conduct or partaking in the spoils from the robbery.

One of the central issues in this litigation is whether or not Plaintiffs engaged in a joint enterprise to commit a robbery with Malone, thus imputing Malone's negligence to the Plaintiffs. *See e.g Woods v. Cole,* 181 Ill.2d 512, 519-20 (1998); *Memorandum Opinion and Order (Dkt. No. 255)* at 28-29. Evidence of Plaintiffs' convictions for theft relating to the robbery of Janice Farrell is prima facie evidence that Plaintiffs were participants in the crime itself. *E.g. Saunders v. City of Chicago*, 320 F.Supp.2d 735, 738 (N.D.Ill. June 10, 2004). It the summary judgment ruling, this Court held that it is the jury who must weigh the evidence and credibility of the witnesses to determine if Plaintiffs were members of a joint enterprise. *Dkt. No. 255* at 28-29. Plaintiffs should not be afforded the benefit they inured by pleading guilty to a lesser offense to get a lighter sentence, and still be able to maintain that they were not involved in the act at all.

In addition, issue preclusion and binding legal precedent precludes Plaintiffs from arguing they committed no criminal offense during the relevant time. A state criminal judgment has preclusive effect under traditional collateral-estoppel analysis and a plaintiff cannot collaterally attack the validity of a conviction by disavowing the underlying facts in a subsequent civil proceeding. *See Sanchez v. City of Chicago*, 880 F.3d 349, 357 (7th Cir. 2018); *see also Heck v. Humphrey*, 512 U.S. 477 (1994).

**23. Admit Plaintiff Stevenson's prior criminal convictions of Felony Unlawful Use of a Firearm (convicted in 2019) and Felony Armed Violence (convicted in 2013) as each were punishable by imprisonment for more than one year and occurred within ten years of this trial. Fed.R.Evid. 609.**

Courts have recognized that, "as to a felony conviction, Rule 609 reflects the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Valdez v. Lowry*, No. 18 CV 5434, 2021 WL 5769533, at *7 (Dec. 5, 2021) (Cummings, M.J.). Accordingly, "[t]he implicit assumption is that prior felony convictions have probative value" and a felony conviction of a non-defendant witness must be admitted in a civil case subject to Rule 403 *Id*.

On November 4, 2020, Plaintiff Stevenson pleaded guilty to a felony count of Aggravated UUW, in violation of 720 ILCS 5/21-1.6(A)(1). *18CR0499801* (Exhibit "C"). He received a sentence of six years. *Id.* This is a felony conviction which occurred within ten years of this trial, thus rendering the conviction admissible under Rule 609.

Similarly, on May 31, 2013, Plaintiff Stevenson pleaded guilty to a felony count of Armed Violence, in violation of 720 ILCS 5/33A-2(A) and received a sentence of six years. *12CR1655401* (Exhibit "D"). This is a felony conviction which occurred within ten years of this trial, thus rendering the conviction admissible under Rule 609.

Accordingly, Plaintiff Stevenson has the burden of showing why, under Rule 403, that the probative value of these felony convictions is substantially outweighed by the danger of unfair prejudice. *Valdez*, 2021 WL 5769533, at *7. He will be unable to do so and the Court should permit this evidence.

**24.     Admit Plaintiff Coke's prior criminal convictions of felony forgery charges in 2014 and class A misdemeanor theft in 2016.**

On November 13, 2014, Plaintiff Cokes pleaded guilty to three charges in *State of Nebraska v. Michael Cokes*, CR 14-0000218: two counts of Forgery in the 1st Degree (Class 3 Felony) and a county of attempt of a Class 3A or Class 4 felony (Class 1 Misdemeanor). *CR 14-0000218 Docket and Certified Disposition* (Exhibit "E"). Under Nebraska law, "[a] person commits forgery in the first degree if, with intent to deceive or harm, he falsely makes, completes, endorses, alters, or utters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: (a) Part of an issue of money, stamps, securities, or other valuable instruments issued by a government or governmental agency; or (b) Part of an issue of stock, bonds, bank notes, or other instruments representing interests in or claims against a corporate or other organization or its property." Nebraska Revised Statute 28-602. As such, Plaintiff Coke's convictions are not only felonies but crimes of dishonesty that occurred less than ten years ago, thus making such convictions admissible under Rule 609.

Plaintiff Cokes also had a misdemeanor theft/stealing conviction in Missouri from November 2016. *13ND-CR00154-02 Conviction* ("Exhibit "F"). Under Missouri law, stealing is defined as appropriating property or services of another with the purpose to deprive him or her therefore, either without his or her consent or by means of deceit or coercion. According to Plaintiff Cokes, his Missouri arrest was for counterfeit, which is a dishonest act. As with his felony forgery

12

conviction, evidence of this conviction of a dishonest act is admissible to attack his credibility. Fed.R.Evid. 609(a)(2).

**25. Bar any evidence that COPA recommended Defendant Ewing be disciplined as a result of their internal investigation.**

As discussed above, COPA investigated the accident giving rise to this litigation and rendered a conclusion that Defendant Ewing be suspended for 90 days for violations of internal policies. Defendant Ewing has challenged that recommendation through the administrative process and it is currently pending and has not been finalized. That COPA recommended Defendant Ewing receive a suspension a subsequent remedial measure, invades the province of the jury and is unduly prejudicial should be barred. *See, e.g. United States v. Shaffer*, 523 U.S. 303, 313 (1998); Fed.R.Evid. 407.

"[E]vidence concerning any conclusion reached as a result of the [COPA] investigation is not relevant to or probative of anything the jury must determine." *Gonzalez*, 2015 WL 3671641, at \*17; *Bruce*, 2011 WL 3471074, at \*6 ("The jury also should not hear evidence that there was an investigation, the reasons for undertaking the investigation, or the findings and recommendations of IPA. The potential prejudice from testimony about the IPRA investigation substantially outweighs its questionable probative value[.]"); *see also Patterson*, 2017 WL 770991, at \*6.

**26. Bar Plaintiff Stevenson from testifying as to inadmissible hearsay that an unknown police officer stated he should have died in the accident. Fed.R.Evid. 802.**

**27. Bar Juanita Arrington from testifying as to inadmissible hearsay that an unknown police officer stated they had been attempting to arrest Malone for a long time and were glad he was deceased. Fed.R.Evid. 802.**

**28. Bar Juanita Arrington from testifying that unknown officers had firearms drawn during a candlelight vigil. Fed.R.Evid. 403.**

**29.     Bar Juanita Arrington from testifying as to her opinion that the officer involved in the accident should have been fired as irrelevant. Fed.R.Evid. 401, 402, 403.**

**30.     Bar evidence or testimony that Defendant Ewing or other police officers had no training on outside agency communication system or that they should have had such training.**

Evidence of failure to train is relevant only to a *Monell* claim. *See Gonzalez*, 2015 WL 3671641, at *12. Because Plaintiffs' *Monell* claim is bifurcated, the adequacy or inadequacy of the training is irrelevant to whether Defendant Ewing committed the misconduct alleged.

WHEREFORE, Defendants Dean Ewing and the City of Chicago respectfully request the Court grant the foregoing motion *in limine*.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Special Assistant Corporation Counsel
Attorney No. 6312312
**Attorney for Defendant Ewing**

HALE & MONICO
Andrew Hale
Barrett Boudreaux
Shawn Barnett
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
(312) 870-6905
sbarnett@halemonico.com

*/s/ Marion C. Moore (by consent)*
**Attorney for Defendant City**

Marion C. Moore, Chief Assistant Corporation Counsel
City of Chicago Department of Law
2 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5170
Attorney No. 6302566

**Certificate of Service**

I, the undersigned attorney, certify that I filed the foregoing Defendants' Motions *in limine* using the Court's electronic filing system. As a result, copies of the filed document were electronically served upon all counsel of record.

A courtesy copy of the filed document may have been provided to the Court, depending upon the Court's standing order.

*/s/ Shawn W. Barnett*