**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA ARRINGTON, as Independent | ) | |
| Administrator of the Estate | ) | |
| of RONALD ARRINGTON, deceased, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-5345 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| DEAN EWING, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ISIAH STEVENSON, and MICHAEL COKES, | ) | |
| *Plaintiffs,* | ) | |
| | ) | No. 17-cv-4839 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | Magistrate Judge Susan E. Cox |
| DEAN EWING, | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S MOTION FOR A DIRECTED VERDICT**

Defendant DEAN EWING, by and through his attorneys Hale & Monico, LLC, respectfully moves pursuant to Federal Rule of Civil Procedure 50 for a judgment as a matter of law. In support, Defendant states:

**INTRODUCTION**

Plaintiffs Juanita Arrington, Isiah Stevenson, and Michael Cokes have been fully heard on their claims and have rested their case. No reasonable juror could find (1) that Defendant Ewing *intentionally* struck the Pontiac and (2) that Defendant Ewing was not executing and enforcing the law at the time of the collision. As such, the Court should grant Defendant Ewing's motion for a

judgment as a matter of law on Plaintiffs' Fourth Amendment and battery claims and the negligence claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 50 "allows a court to enter judgment as a matter of law as soon as it becomes apparent that a plaintiff cannot establish an essential element of [their] claim." *Greene v. Potter*, 557 F.3d 765, 768 (7th Cir. 2009). Rule 50 provides that:

> If a party have been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that .. can be maintained or defeated only with a favorable finding on that issue.

Fed.R.Civ.P.(a)(1). Put another way, a court may grant judgment as a matter of law if it is convinced that "the evidence presented, combined with all reasonable inferences permissibly drawn," and then viewed in the light most favorable to the non-moving party, is sufficient to support a verdict in favor of the movant. *See EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 431 (7th Cir. 2012). In making such a determination, the court may not make credibility determinations of the witnesses or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). "Thus, although the court should review the record as a whole, it must disregard all favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Id.*

**ARGUMENT**

Plaintiffs assert a litany of claims against Defendant, including a Fourth Amendment violation, the Illinois tort of battery, and the Illinois tort of negligence. The Court should grant judgment as a matter of law on those claims in Defendant's favor.

I. **Defendant is entitled to a judgment as a matter of law as to Plaintiffs' claims of a Fourth Amendment violation and a battery as no reasonable jury could find Defendant Ewing intentionally struck the Pontiac.**

The Fourth Amendment applies only to "searches" or "seizures" by a state actor. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998). A Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement through *means intentionally applied*." *Brower v. Cty. of Inyo*, 489 U.S. 593, 596-97 (1989) (emphasis added). The Seventh Circuit has explained that the intent requirement differentiates an "accidental or tortious act which happens to be committed by a governmental official and an intentional detention that rises to the level of a constitutional violation." *Bublitz v. Cottey*, 327 F.3d 485, 489 (7th Cir. 2003) (quoting *Campbell v. White*, 916 F.2d 421, 422-23 (7th Cir. 1990)).

The undisputed evidence establishes that Defendant Ewing did not intend to strike the Pontiac as it went the wrong way down Union. During their case-in-chief, Plaintiffs introduce deposition testimony of Defendant Ewing. Those admissions included the following:

- Defendant Ewing did not see the Pontiac until just before the collision, when he locked his brakes up. *Trial Transcript 8/19 - 14: 8-11*

- Defendant Ewing was already entering the intersection when he first saw the Pontiac. *Trial Transcript 8/19 – 15: 24-25, 16: 1-2*

- At the time of the collision, the officers believed the Pontiac was four to five blocks away from their location based on the radio calls they were receiving. *Trial Transcript 8/17 – 188: 24-25, 189: 1-5*

Simply put, there is no evidence that Defendant Ewing had any knowledge the Pontiac was travelling northbound on Union as the officers were proceeding eastbound on 124. And the only evidence introduced at trial has been that Defendant Ewing did not become aware of the Pontiac until immediately prior to the collision, when he attempted to avoid the collision by taking evasive actions.

This is corroborated by Plaintiffs' retained expert witness Adam Hyde, who testified that Defendant Ewing took actions consistent with seeking to avoid a collision prior to striking the Pontiac. *August 18, 2022 Trial Transcript* at 96: 5-14, 24-25; 97: 1. Defendant Ewing reduced his speed from 55 miles per hour to 48 miles per hour. *Id.* at 90: 19-24. This was due to Defendant Ewing intentionally causing the Ford to decease its speed. Defendant Ewing ceased pressing the accelerator and pressed the brake 0.3 seconds prior to the collision. *Id.* at 93: 17-21. That is when the data demonstrates "substantive evidence of -- of braking." *Id.* at 22-24.

Defendant Ewing also attempted to swerve to miss the Pontiac. Immediately prior to the collision, the data shows that there was "significant left steering." *Id*. at 94: 10-18. At .4, Defendant Ewing begins steering and then continues steering "much harder" to the left as the Pontiac was approaching from his right. *Id* at 19: 25.

An accidental tort – such as an unintentional motor vehicle accident – does not constitute a "seizure" under the Fourth Amendment. *Bublitz*, 327 F.3d at 489. There is no admitted evidence that Defendant Ewing *intentionally* struck the Pontiac and substantial evidence that he acted the avoid the collision. Given this evidence no reasonable jury could find that Defendant Ewing

committed a Fourth Amendment violation through the intentional use of excessive force and Defendant Ewing is entitled to a judgment as a matter of law on this claim.

Likewise, the willful and wanton claim involves both intentional and reckless components. 745 ILCS 10/1-210. Similarly, Illinois law defines "battery" as an intentional tort. *Bakes v. St. Alexius Medical Center*, 2011 IL App (1st) 101646, ¶ 21. Regardless of whether it is an intent to harm or merely an intent to touch, the defendant *must* have intended to have some type of conduct with the plaintiff. *Id.* at ¶¶ 21-27 (discussing standards and burden of proof). As discussed above, there is not sufficient evidence to support a finding that Defendant Ewing intended to strike the Pontiac with his vehicle. As that is the case, Defendant Ewing cannot be liable for either the intentional willful and wanton conduct or the intentional tort of battery.

Accordingly, the Court should grant Defendant Ewing's Rule 50 motion for a judgment as a matter of law on the Fourth Amendment claim, the intentional aspect of willful and wanton, and battery.

## II. Defendant is entitled to a judgment as a matter of law as to Plaintiffs' negligence claim as there is no dispute Defendant Ewing was executing and enforcing the law at the time of the motor vehicle collision, thus affording absolute immunity for claims of negligence under the Tort Immunity Act.

Under the Tort Immunity Act, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. In other words, a police officer who is executing and enforcing the law cannot be liable under a negligence cause of action.

There is no dispute that Defendant Ewing was responding to an emergency call of the pursuit of the Pontiac for having committed an armed robbery. Responding to an emergency call is executing and enforcing the law. *Carter v. Simpson*, 328 F.3d 948, 951 (7th Cir. 2003) (officer responding to a call of a death was an emergency call and officer entitled to immunity for any

5

alleged negligence); *Morris v. City of Chicago*, 130 Ill.App.3d 740 (1985) (holding that a police officer responding to a radio call of a crime in progress was executing and enforcing the law).

*Bruecks v. County of Law* should be persuasive to the Court on this issue. 276 Ill.App.3d 567 (1995). In *Bruecks*, a sheriff's deputy was responding to a report of shots fired and struck an individual crossing a road on foot. The appellate court upheld the granting of summary judgment in the defendant's favor. 276 Ill.App.3d at 569. The court specifically noted:

> "[The deputy] was responding to a call of shots fired. He clearly was being called upon to execute or enforce a law. The facts that *he was not specifically dispatched to the scene, did not have his emergency lights and siren activated,* and did not subjectively consider the situation to be an emergency do not alter this conclusion. The cases in which immunity has been found applicable do not require that the officer be engaged in an emergency response."

*Id.* at 569. *Bruecks* is directly on point. Defendant Ewing was responding to the emergency call of a pursuit for an armed robbery. The fact that Defendant Ewing was not specifically dispatched, that he may not have had his siren activated, and was unsure of the specific action he would take once he reached the location of the pursuit should "not alter this conclusion" that he was executing and enforcing the law at the time of the collision. Accordingly, under Illinois law, Defendant Ewing was executing and enforcing the law the Illinois Tort Immunity Act precludes Plaintiffs from maintaining their negligence claim.

However, even if the Court accepts Plaintiffs' theory – or one of them – that Defendant Ewing *was* an active part of the pursuit, Defendant Ewing is still entitled to a judgment as a matter of law. If Defendant Ewing *was* actively involved in a pursuit at the time of the motor vehicle accident, then there is no question that he was executing and enforcing the law at the time of the motor vehicle accident. *See Morris v. City of Chicago*, 130 Ill.App.3d 740 (1985) (officer who was responding to a radio report of a crime in progress was executing and enforcing the law); *see also Wade v. City of Chicago*, 364 Ill.App.3d 773, 774-75, 781 (1st Dist. 2006) (officer involved in

motor vehicle pursuit was executing and enforcing the law). Indeed, *Morton v. City of Chicago* is wholly dispositive of this matter. In *Morton*, the plaintiff was injured when a car being pursued by Chicago Police officers struck her. 286 Ill.App.3d 444, 447 (1st Dist. 1997). The occupants of the chased vehicle had fired a weapon at the police officer and then drove away at a high rate of speed. *Id.* The police vehicle followed the suspect's vehicle, which eventually struck the plaintiff. *Id.* at 447-48. The district court held that the officers following the suspect's vehicle were involved in a pursuit. *Id.* at 451. One of the issues on appeal was the plaintiff's contention "that the police officers involved in pursuing [the suspect] were not engaged in law enforcement at the time" and were not executing and enforcing the law. *Id.* at 455. The appellate court rejected that argument entirely, finding that the officer had followed the suspect, who had committed numerous traffic violations. In resoundingly rejecting the plaintiff's argument, the appellate court held "[t]hese facts, as well as our case law, establish that any contention that the police involved here were not engaged in law enforcement is utterly baseless." *Id.* Simply put, if an officer is involved in a pursuit, they are executing and enforcing the law and the Tort Immunity Act precludes any negligence claims. *Id.*

"There must be a point at which a plaintiff makes a commitment to the theory of its case." *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995). At this time, Plaintiffs' theory is that Defendant Ewing was involved in a pursuit. Indeed, Plaintiffs' expert Andrew Scott repeatedly testified that his opinion is that Defendant Ewing was involved in a pursuit at the time of the collision. *Trial Transcript 8/22 – 159: 19-23*. As the Court must take the facts in the light most favorable to the non-moving party, the Court must assume that a jury would find in Plaintiffs' favor on their theory of the case. In other words, a jury would find that Defendant Ewing was involved in a pursuit. Thus, under Plaintiffs' theory of the case and the evidence they introduced

at trial, Defendant Ewing was involved in the pursuit. Because he was involved in a pursuit, he was executing and enforcing the law and is protected from any negligence claim under the Tort Immunity Act and the Court should grant a judgment as a matter of law in Defendant's favor on that claim.

**CONCLUSION**

The evidentiary record of this trial, even when taken in the light most favorable to the Plaintiffs, establish that Defendant Ewing did not intentionally strike the Pontiac. For that reason, Plaintiffs' Fourth Amendment and battery claims – each of which require intentional conduct – cannot survive. Similarly, judgment as a matter of law on Plaintiffs' negligence claim should be granted as the facts show that Defendant Ewing was executing and enforcing the law at the time of the collision, regarding of whether he was actively involved in the pursuit or just responding to the emergency call.

Respectfully submitted,
*/s/ Shawn W. Barnett*
Special Assistant Corporation Counsel
Attorney No. 6312312

HALE & MONICO
Andrew Hale
Barrett Boudreaux
Shawn Barnett
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
(312) 870-6905
sbarnett@halemonico.com
Attorneys for Defendant Ewing

## Certificate of Service

I, the undersigned attorney, certify that I filed the foregoing using the Court's electronic filing system. As a result, copies of the filed document were served upon all counsel of record by electronic means.

_/s/ Shawn W. Barnett_