UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANITA ARRINGTON, as Independent Administrator of the Estate of RONALD ARRINGTON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation, et al.,<br><br>Defendants. | No. 17 C 5345<br><br>Judge Thomas M. Durkin |
| ISIAH STEVENSON and MICHAEL COKES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation, et al.,<br><br>Defendants. | No. 17 C 4839<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Juanita Arrington, Isiah Stevenson, and Michael Cokes ("Plaintiffs") filed two lawsuits against the City of Chicago and Chicago Police Department officer Dean Ewing ("Defendants") asserting various federal and state law claims in connection with a police pursuit that ended in a vehicle collision. The case proceeded to trial, and the jury found in favor of Defendants. Defendants filed a bill of costs, seeking payment from Plaintiffs for certain expenses in this litigation. *Arrington v. City of Chicago*, No. 17 C 5345 (hereinafter "*Arrington*"), ECF No. 307; *Stevenson v. City of*

1

*Chicago*, No. 17 C 4839 (hereinafter "*Stevenson*"), ECF No. 389. Plaintiffs filed motions to disallow the taxation of costs sought by Defendants. *Arrington*, ECF No. 310; *Stevenson*, ECF No. 393. For the following reasons, Plaintiffs' motions are granted.

## Background

This case arises out of a collision between a police vehicle driven by Chicago Police Department officer Dean Ewing and a Pontiac driven by Jimmie Malone, in which Ronald Arrington, Isiah Stevenson, and Michael Cokes were passengers. Juanita Arrington (on behalf of decedent Ronald Arrington), Stevenson, and Cokes brought two lawsuits asserting various federal and state law claims against Defendants. Following a week-long trial, the jury returned a verdict in Ewing's favor on all counts. Defendants filed a single bill of costs to be applied to all three Plaintiffs for $60,289.81. Plaintiffs, in turn, filed motions to disallow the taxation of costs. In response to that motion, Defendants reduced the amount of costs sought to $38,305.24.

## Legal Standard

"Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). In exercising its discretion to award costs under Rule 54, a court assesses whether the costs are (1) recoverable, and (2) "reasonable and necessary to the litigation." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). The "losing party has the burden of demonstrating that taxed costs are not appropriate[.]" *Harney v. City of Chicago*, 702 F.3d 916, 927 (7th Cir. 2012). This Court has discretion to consider

2

Plaintiffs' indigence in denying costs under Rule 54(d). *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

## Analysis

Defendants seek costs totaling $38,305.24 and ask that the Court hold each Plaintiff jointly and severally responsible for that amount. Plaintiffs object on numerous grounds, including their indigent status. The indigence exception is a narrow one and requires a two-step analysis. *Id.* at 635–36. First, this Court must make a threshold factual finding that "the losing party is incapable of paying the court-imposed costs at this time or in the future." *Id.* at 635 (citation omitted). The losing party must provide "sufficient documentation to support such a finding," including "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* (citation omitted). Second, this Court must "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues," though no one factor is determinative. *Id.* at 636. On such a showing, the Court may decide whether to reduce or deny costs. *Id.*

At the first step, Plaintiffs have sufficiently demonstrated through declarations and other documentary evidence their inability to pay Defendants' costs of $38,305.24 at this time or in the foreseeable future.

Arrington, who is 50 years old, has been unemployed for much of the last few years. *Arrington*, ECF Nos. 310-3, 326 at 1. Her stage 5 renal failure requires dialysis five days per week, for at least five hours per day. *See Arrington*, ECF Nos. 310-3, 326 at 1. Between her disability payments and sporadic work at a fast-food restaurant, she earns between $1,600 and $1,900 per month, of which approximately

3

$1,800 must go to her rent, utilities, food, gas, and telephone. *Arrington*, ECF No. 326 at 2. That income is likely to decrease if she is not approved for in-home dialysis, and her only asset is her 15-year-old car. *Id.* Arrington's limited means, coupled with her medical condition that may require even more frequent dialysis in the future, makes it all but impossible that she would be able to improve her financial circumstances to such a degree that she could pay Defendants' costs in the future.

Cokes earns approximately $1,500 per month working sporadically as a day laborer, and in 2021 relied on unemployment benefits for most of his income. *See Stevenson*, ECF Nos. 393-3, 409-2. With three children, who are his dependents, Cokes is well below the poverty line. *See Stevenson*, ECF No. 409 at 1; *see also* Office of Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (hereinafter "2023 Poverty Guidelines") (poverty guideline for family or household with four persons is $30,000). He has between $1,200 and $1,900 in monthly expenses for rent, food, and child-related costs, and receives government food assistance. *See Stevenson*, ECF Nos. 409-2, 409-3. He does not own a home, a car, or any other assets and has just under $1,200 in his bank account. *See Stevenson*, ECF Nos. 409 at 2, 409-1. Moreover, his limited educational background makes it unlikely that he will be able to significantly improve his earning potential such that he could pay Defendants' costs in the future. *See Stevenson*, ECF No. 393 at 7; *see also Stevenson*, ECF No. 260-4 (testifying that he had not graduated high school or received his GED).

4

This evidence is "clear proof" of his "dire financial circumstances." *Rivera*, 469 F.3d at 635.

Stevenson has been incarcerated at the Pinckneyville Correctional Center since November 2022 and has been in and out of prison over the last several years. *See Stevenson*, ECF Nos. 393-4 at 1, 409-4, 431 at 1. He attests that he is currently unemployed with no sources of income and no assets, and therefore was not required to file a tax return. *Stevenson*, ECF Nos. 393-4 at 1, 431 at 1. Accordingly, Stevenson too is well below the poverty line. 2023 Poverty Guidelines (poverty guideline for family or household with one person is $14,580). Further, Stevenson is unlikely to be released from prison soon,[1] and as an aspiring music artist who has been unemployed for years, "the reality is that his income-generating capabilities are unlikely to materially improve immediately upon his release." *See Arce v. Wexford Health Servs.*, No. 3:18-CV-1348-NJR, 2022 WL 2274542, at *2 (S.D. Ill. June 23, 2022). And although Stevenson has not provided a schedule of expenses, it is not clear that he would be able to reasonably estimate his anticipated expenses upon release at this time. Based on the evidence that Stevenson has provided, the Court concludes that Stevenson is unable to pay Defendants' costs, or even a meaningful portion of them, at this time or in the future.

---

[1] Stevenson was federally indicted on June 28, 2023, and the court entered an order of detention pending trial. *See United States v. Stevenson*, No. 23 CR 680, ECF Nos. 1, 3, 14; *see also Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents cannot reasonably be questioned.").

At the second step, the amount of costs, closeness of the issues, and good faith of the losing party support a denial of costs. Even with the stated reductions, Defendants' bill of costs is extraordinarily high, and astronomical in comparison to Plaintiffs' financial conditions. *Cf. Rodriguez v. City of Chicago*, No. 18-cv-372, 2019 WL 5184079, at *4 (N.D. Ill. Oct. 15, 2019) (refusing to lower assessed costs based on indigency where the bill of costs ($1,500) was relatively low compared to plaintiff's salary and the issues presented before the court were not close). Further, the extensive briefing on factual and legal issues throughout this case and the fact that the case culminated in a week-long jury trial show that the issues raised in this case were close and difficult. Those close factual circumstances and the horrible collision at the center of this case, which killed Ronald Arrington and injured both Stevenson and Cokes, also demonstrate Plaintiffs' good faith in bringing this suit.

The Court thus finds that Plaintiffs have met their burden of showing that this case falls within the narrow indigence exception. It would be neither fair nor feasible to make Plaintiffs pay tens of thousands of dollars in costs when they are plainly incapable of paying such amounts now or in the foreseeable future. Accordingly, the Court denies costs and declines to address the other arguments raised by the parties as to propriety of various categories of costs.

## Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motions to disallow costs.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 25, 2023